UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ONE BEACON INSURANCE CO. | CIVIL ACTION |
| v. | 13-5013 |
| BLANCHARD CONTRACTORS, INC. | SECTION "F" |

ORDER AND REASONS

Before the Court are cross motions for summary judgment.  For the reasons that follow, the plaintiff's motion is DENIED and the defendant's motion is GRANTED.

Background

This lawsuit involves the casualty of the spud barge KODA in a gas line explosion.

On December 4, 2009, TJ Rental Services executed a Master Service Contract (MSC) under which it agreed to provide goods and services to Hilcorp Energy Company and its contractors for use in connection with oil and gas operations.  The MSC was in effect on March 24, 2013, when TJ Rental bareboat chartered a spud barge, the KODA, to Hilcorp for work on a compressor station. Hilcorp had also chartered a tugboat from Blanchard Contractors, which it used to maneuver the KODA.  While working on the compressor station, the KODA allided with a gas lift line causing it to rupture and resulting in an explosion.  The KODA suffered significant damage and TJ Rental's insurer, One Beacon, paid the total loss value pursuant to a hull and machinery policy.

-1-

On July 9, 2013, One Beacon filed a subrogation suit against Blanchard seeking to recover the insurance payment. On February 14, 2014, Blanchard answered and filed a Third Party Complaint against TJ Rental seeking to enforce a defense and indemnity provision in the MSC. Now before the Court are One Beacon's and Blanchard's cross motions for summary judgment on the issues of indemnity and waiver of subrogation.

## I. Summary Judgment Standard

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an

essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Defense and Indemnity

All parties agree that maritime law governs this dispute. Randall v. Chevron U.S.A., Inc., 13 F.3d 888, 894 (5th Cir. 1994) (overruled on other grounds). The interpretation of a contractual indemnity provision is a question of law. Becker v. Tidewater, Inc., 586 F.3d 358, 369 (5th Cir. 2009). When interpreting a maritime contract, the general rules of contract construction and interpretation apply. See Marine Overseas Servs., Inc. v. Crossocean Shipping, Co. Inc., 791 F.2d 1227 (5th Cir. 1986); Ogea v. Loffland Bros. Co., 622 F.2d 186 (5th Cir. 1980). The contract "should be read as a whole and its words given their plain meaning unless the provision is ambiguous." Becker, 586 F.3d at 369. Each

provision of the contract must be read in light of others so as to give each the meaning reflected by the contract as a whole. Sw. Eng'g Co. v. Cajun Elec. Power Co-op., Inc., 915 F.2d 972 (5th Cir. 1990). Finally, each provision of a contract must be given a meaning which renders it, along with all other provisions, effective rather than meaningless. See Lewis v. Hamilton, 652 So.2d 1327 (La. 1995).

The Fifth Circuit has noted that "[a] contract of indemnity should be construed to cover all losses, damages, or liabilities which reasonably appear to have been within the contemplation of the parties." Corbitt v. Diamond M. Drilling Co., 654 F.2d 329, 333 (5th Cir. 1981). However, the Fifth Circuit cautions, "it should not be read to impose liability for those losses or liabilities which are neither expressly within its terms nor of such a character that it can be reasonably inferred that the parties intended to include them within the indemnity coverage." Id.

The indemnity provision (Section 16) of the MSC provides that TJ Rental will protect, indemnify, defend and hold harmless Hilcorp and its contractors from any claims that "arise out of or are related in any way to the subject matter of the Contract and which":

> (i)   are asserted for any damage to or destruction of [TJ Rental]'s tools, equipment, or other materials from any cause while in use on [Hilcorp]'s property; . . ..

The parties do not dispute that Blanchard was Hilcorp's contractor,

-4-

and thus, is entitled to defense and indemnification against any claims arising out of damage to TJ Rental's "tools, equipment, or other materials." Instead, One Beacon argues that "tools, equipment, or other materials" does not include the spud barge KODA. The Court disagrees.

Section 1 of the MSC provides that Hilcorp will "purchase or rent goods, equipment, or facilities" from TJ Rental and that TJ Rental will perform "work and services" including "barges, tugs, winches, spud barges." The contract repeatedly refers to "equipment" provided by TJ Rental, and the record demonstrates that TJ Rental was in the business of renting and selling equipment including spud barges and other watercraft. To read "equipment" as not including watercraft would render not just the indemnity provision but the entire contract meaningless. The entire purpose of the MSC was for TJ Rental to provide Hilcorp with spud barges and other "equipment" for use in connection with its oil and gas operations. Accordingly, the Court finds that "tools, equipment, or other materials" includes the spud barge KODA.

The Court's conclusion is supported by the plain meaning of "equipment." Although the MSC does not define the term, Merriam-Webster defines "equipment" as "the implements used in an operation or activity" or as "all the fixed assets other than land and buildings of a business enterprise." Equipment Definition, merriam-webster.com, http://wwww.merriam-webster.com/dictionary/

equipment (last visited May 9, 2014). Under these definitions, "equipment" clearly encompasses the spud barge KODA. Tellingly, One Beacon points to no other common understanding of the term. One Beacon's claims for damage to the KODA falls squarely within the scope of the indemnity provision. One Beacon's submission is advocacy without reason or logic.

### III. Waiver of Subrogation

As an extension of the argument that TJ Rental is obligated to indemnify Blanchard for One Beacon's claims, Blanchard contends that TJ Rental was obligated to name it as an additional insured and to waive subrogation. Section 16(c) of the MSC provides that TJ Rental must carry and maintain its own insurance to support its indemnity obligation, and that the insurance must name Hilcorp and its contractors as additional assureds "but only to the extent of the liabilities expressly assumed hereunder by the primary insured." Exhibit "B" to the MSC specifies that, "if watercraft are used in [TJ Rental's] operations," then TJ Rental must carry P&I and hull insurance policies, add Hilcorp and its contractors as additional assureds, and waive subrogation. In compliance with these obligations, TJ Rental maintained a Hull & Machinery policy on the KODA, which, although it does not explicitly name Hilcorp and Blanchard as additional assureds, includes a blanket "additional assured/waiver of subrogation clause" (Section 18) that states:

>It is further agreed that to the extent that the Named Assured [TJ Rental Services] is obligated by written contract to name any one person or organization as Additional Assureds hereunder, and/or waive rights of subrogation in favor thereof, the Underwriters agree that such persons or company shall be considered as Additional Assureds and rights of subrogation are hereby waived but only with respect to the Vessel(s) working for the Additional Assured(s) and/or operations performed by or on behalf of the Named Assured(s).

One Beacon asserts that the plain language of this clause provides that additional assured status and waiver of subrogation are limited to the extent explicitly obligated by written contract. The Court agrees. However, One Beacon would also have this Court find that its claims against Blanchard fall outside the scope of the "liabilities expressly assumed" by TJ Rental in the MSC, and so, there is no obligation by written contract to name Blanchard as an additional assured or to waive subrogation. The Court is not persuaded. Because this Court has already found that the indemnity obligation exists, the Court also finds that TJ Rental (and thus One Beacon as plaintiff in subrogation) is required to provide additional assured status to Blanchard and to waive subrogation.

Accordingly, Blanchard's motion for summary judgment is GRANTED and One Beacon's motion is DENIED. The claims in this case are hereby DISMISSED with prejudice.

New Orleans, Louisiana, May 12, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

-7-